UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES W. SCHOTTEL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-1749 |
| ) | |
| NEW YORK LIFE INSURANCE ) | **JURY TRIAL DEMANDED** |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff James W. Schottel, Jr. (hereinafter "Plaintiff") and for his Complaint against Defendant New York Life Insurance Company (hereinafter "Defendant New York Life") and respectfully states to this Honorable Court the following:

### JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as:

    (a) Plaintiff is a U.S. citizen of the State of Missouri;

    (b) Defendant New York Life Insurance Company is incorporated and has its principal place of business in the State of New York;

    (c) The matter in controversy exceeds the sum and value of $75,000.00, exclusive of interests and costs[1].

### VENUE

2. Venue is proper under 28 U.S.C. § 1391(b)(2).

3. Plaintiff is an attorney licensed in the State of Missouri and the State of New

---

[1] The amount in controversy is the $100,000.00 in life insurance benefits sought, which is noted on Plaintiff's Application, Exhibit 1 attached hereto, and Defendant New York Life's October 14, 2014 letter, Exhibit 3 attached hereto.

York.

4. Plaintiff is and has been a member of the New York State Bar Association ("NYSBA").

5. As a member of the NYSBA, Defendant New York Life sent Plaintiff by mail and continues to send by mail solicitations offering Plaintiff life insurance.

6. Plaintiff did in fact complete an application here in this Eastern District of Missouri and submitted the completed application to Defendant New York Life.

7. As part of the application process, Defendant New York Life then sent a registered nurse to Plaintiff's office located at 906 Olive St. PH, St. Louis, MO 63101, in this Eastern District of Missouri, for examination, drawing of blood and collection of a urine sample.

8. Defendant New York Life then sent Plaintiff a letter notifying Plaintiff that he was being denied benefits.

9. Defendant New York Life is registered to do business with the State of Missouri and does business in the State of Missouri as noted above. (*See Defendant New York Life 2015-16 Missouri Registration attached hereto and labeled as Plaintiff's Exhibit 1*).

## FACTUAL BACKGROUND

10. Plaintiff is a practicing attorney and has been since December 14, 1999.

11. Plaintiff is also a quadriplegic and has been since a serious neck injury that occurred on March 2, 1991.

12. Plaintiff suffers from paralysis and uses a wheelchair.

13. On September 4, 2014, Plaintiff completed an application for $100,000.00 Group Term Life Insurance. (*See Plaintiff's Application attached hereto and labeled as Plaintiff's Exhibit 2*).

14. Defendant New York Life sent a registered nurse to Plaintiff's office at 906 Olive St. PH, St. Louis, MO 63101 where Plaintiff was examined, blood was taken and Plaintiff was requested to provide a urine sample.

15. Plaintiff could not provide a urine sample at his office and requested to make different arrangements to provide a urine sample because Plaintiff wore an external catheter and a leg drainage bag because of incontinence relating to Plaintiff's spinal cord injury.

16. On October 14, 2014, Defendant New York Life sent Plaintiff a letter requesting a statement, responding to the following question: "What is the reason for being in a wheelchair and having a catheter?" (*See Defendant New York Life October 14, 2014 Letter attached hereto and labeled as Plaintiff's Exhibit 3*).

17. On October 22, 2014, Plaintiff complied with Defendant New York Life's October 14, 2014 Letter and prepared a statement answering Defendant New York Life's question and explaining Plaintiff's position as a person with a disability. (*See Plaintiff's October 22, 2014 Statement attached hereto and labeled as Plaintiff's Exhibit 4*).

18. On October 13, 2014, Defendant New York Life sent Plaintiff a letter, including Plaintiff's laboratory report regarding Plaintiff's blood, indicating that Plaintiff's blood results were completely normal. (*See Defendant New York Life October 13, 2014 Letter with Laboratory Results attached hereto and labeled as Plaintiff's Exhibit 5*).

19. On October 30, 2014, Defendant New York Life sent Plaintiff a letter stating that Plaintiff's application for life insurance was denied based upon Plaintiff's disability:

> "Our decision was based on bruised spinal cord history, which you told us about on your application. Due to the nature of this history, we did not secure any additional information from other sources."

(*See Defendant New York Life October 30, 2014 Letter attached hereto and labeled as Plaintiff's

*Exhibit 6*).

**COUNT I
DISCRIMINATION IN DENYING LIFE INSURANCE
VIOLATION OF NEW YORK INSURANCE CODE § 2606
FOR COMPENSATORY DAMAGES AND INJUNCTIVE RELIEF**

20. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

21. New York Insurance Code Section 2606(b) provides in pertinent part that:

"…no individual or entity subject to the supervision of the superintendent shall because of race, color, creed, national origin, or **disability**: (1) Reject any application for a policy of insurance issued and/or sold by it. (2) Refuse to issue, renew or sell such policy after appropriate application therefor."

*See* N.Y. ISC. § 2606(b)(*emphasis added*).

22. The New York Insurance Code also provides that the discrimination provision:

"…shall not preclude an insurer from including a pre-existing condition provision as permitted pursuant to regulations of the superintendent or from establishing selection criteria on the basis of disability where the insurer can prove that its decision was based on sound underwriting and actuarial principles reasonably related to actual or anticipated loss experience. In such case the selection criteria permitted must be based on such principles. The insurer shall notify the insured of its specific reason or reasons for such decision."

*See* N.Y. ISC. § 2606(d)(*emphasis added*).

23. Defendant New York Life's October 30, 2014 Letter shows that Defendant New York Life's denial of life insurance coverage to Plaintiff was solely based on Plaintiff's disability and not "sound underwriting and actuarial principles reasonably related to actual or anticipated loss experience."

24. Plaintiff has and continues to live without life insurance.

25. Defendant New York Life's blatant discrimination against Plaintiff has caused and continues to cause Plaintiff mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life and stress.

26. Plaintiff seeks compensatory damages and injunctive relief in the ordering of Defendant New York Life to cease discrimination against Plaintiff and approving of Plaintiff's application for life insurance.

WHEREFORE, Plaintiff prays for against Defendant New York Life Insurance Company, for compensatory damages in a fair and reasonable amount in excess of $75,000.00, for punitive damages, for reasonable attorney's fees as allowed by law, injunctive relief in the ordering of Defendant New York Life to cease discrimination against Plaintiff and approving of Plaintiff's application for life insurance, non-taxable expenses, for costs and for such other relief as may be just under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
    James W. Schottel, Jr.   #51285MO
    906 Olive St. PH
    St. Louis, MO 63101
    (314) 421-0350
    (314) 421-4060 facsimile
    jwsj@schotteljustice.com

    Plaintiff